IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Civil Action Number: 3:25-cv-04020-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| The United States, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **MOTION TO DISMISS**

Defendant United States of America moves to dismiss this Federal Tort Claims Act action against the United States pursuant to Rules 12(b)(1) and (6) on grounds that: (1) Plaintiff's claim is barred by judicial and quasi-judicial immunity; (2) Plaintiff has failed to state a justiciable claim; and (3) the Complaint is frivolous.

## **BACKGROUND**[1]

Plaintiff filed suit on May 14, 2025, citing the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, as the basis for this Court's jurisdiction. ECF 1, p.1. In his Complaint, Plaintiff specifically disclaims that he is alleging a constitutional tort. ECF 1, p.6, ¶ 38.

Plaintiff asserts that the United States is liable in tort for the Clerk of Court's failure to docket[2] his notice of appeal. ECF 1, p. 2–3, ¶¶ 4–6. As damages, Plaintiff asserts denial of

---

[1] The factual background in this section is largely drawn from Plaintiff's Complaint, ECF No. 1. Defendant reserves the right to contest Plaintiff's factual allegations and assert additional defenses.

[2] The underlying action in which Plaintiff sought to file a notice of appeal is *Bruce v. Bank of America, N.A., et al.*, 2:19-2854-BHH.

access to appellate review which resulted in financial and procedural harm. ECF 1, p. 1. Plaintiff further claims:

> 13. As a result of the Clerk's inaction, Plaintiff was deprived of the right to appellate review. This resulted in: a. Loss of a $740,040.33 arbitration award, the right to redress; b. Loss of a $3,700,201.60 counter claim, the right to redress; c. Loss of legal rights and procedural access under the Fifth Amendment; d. Emotional and reputational harm, including anxiety, insomnia, depression, humiliation, and loss of public trust. These injuries were severe, continuous, and directly caused by the government's employees' failure to provide procedural justice.

ECF 1, p. 3, ¶13 (cleaned up). Plaintiff further contends that his emotional distress is "sufficient to constitute compensable personal injury under the FTCA." ECF 1, p. 3, ¶13.D.

## STANDARDS OF REVIEW

### A. Federal Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

A motion to dismiss under Rule 12(b)(1) is "a challenge to the court's subject matter jurisdiction." *Hoblick v. United States*, 526 F. Supp. 3d 130, 132 (D.S.C. 2021) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006)). Subject matter jurisdiction is a threshold issue that must be decided before reaching the merits of the case. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479–80 (4th Cir. 2005). Plaintiff bears the burden of proving subject matter jurisdiction. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995).

### B. Federal Rule 12(b)(6) – Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). In evaluating plausibility, the court may not rely on mere "labels and conclusions" or plaintiff's "formulaic recitation" of the

elements of a particular cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## ARGUMENT

**I.     Judicial and quasi-judicial immunity bar Plaintiff's tort claim premised on the Clerk's actions.**

"The FTCA is a limited waiver of immunity, imposing tort liability on the United States only in the same manner and to the same extent as a private individual under like circumstances, and only to the extent that a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Anderson v. United States*, 669 F.3d 161, 164 (4th Cir. 2011) (cleaned up) (citing 28 U.S.C. §§ 1346(b)(1) and 2674). The FTCA permits the United States "to assert any defense based on judicial . . . immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim." 28 U.S.C. § 2674; *see Akutowicz v. United States,* 859 F.2d 1122, 1125–26 (2d Cir. 1988) ("[Q]uasi-legislative or quasi-adjudicative action by an agency of the federal government is action of a type that private persons could not engage in and hence could not be liable for under local law." (citation omitted)); *Jayvee Brand, Inc. v. United States*, 721 F.2d 385, 390 (D.C. Cir. 1983) (same). *See also Meyers v. United States*, No. 7:23cv00347, 2024 WL 1893607 (W.D. Va. April 30, 2024) (applying § 2674 in the context of a suit based on the acts of a clerk of District Court).

District Court clerks have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction. *Hamilton v. Murray*,

648 F. App'x 344, 345 (4th Cir. 2016) ("court clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction"); *Abebe v. Propes*, No. 0:11-1215-MBS-PJG, 2011 WL 2581385, at *3 (D.S.C. June 3, 2011) ("Absolute judicial immunity has thus been extended to non-judicial officers, such as clerks of court 'where their duties had an integral relationship with the judicial process.'" (citation omitted)). *See also Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) (holding that causes of action against clerks of court for negligent conduct impeding access to the courts cannot survive).

District Court clerks also have quasi-judicial immunity from damages for errors when they perform tasks that are an integral part of the judicial process. *See Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (stating a clerk of court is generally entitled to quasi-judicial immunity). *See also Abebbe*, 2011 WL 2581385, at *3 (finding that clerk and his staff have quasi-judicial immunity); *Beaton v. Hood*, No. 9:17-cv-1157-CMC, 2017 WL 4540765 (D.S.C. Oct. 11, 2017) (holding that judicial employees are entitled to judicial and quasi-judicial immunity); *Al-Mujahidin v. McBride,* No. 9:13-2671-BHH, 2015 WL 402918, at *4 (D.S.C. Jan. 28, 2015) ("Clerks of Court are generally afforded quasi-judicial immunity from suit on claims involving 'tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.'"); *Hamilton v. United States*, No. 2:20-cv-01666-RMG, 2020 WL 5939235, at *3 (D.S.C. Oct. 7, 2020) ("[C]laims against the deputy clerk for tasks undert[aken] as part of the judicial process are subject to summary dismissal based on quasi-judicial immunity."); *Sequoia v. Sequoia*, No. 8:25-cv-0158-DCC-WSB (D.S.C. Jan. 9, 2025), *report and recommendation adopted*, 2025 WL 115680 (April 15, 2025) (same).[3] Here, the Clerk of Court's actions with

---

[3] "This doctrine is designed to prevent court staff from being sued by disappointed litigants who 'seek to vent their wrath on clerks, court reporters and other judicial adjuncts' because they are barred by judicial immunity from suing judges." *Taylor v. Brooks*, No. 3:15-1138-RMG, 2015

4

respect to filing the notice of appeal were governed by rule and/or were an integral part of the judicial process. *See* Fed. R. Civ. P. 5(d)(4). Quasi-judicial immunity therefore applies.

Because the Clerk of Court is entitled to absolute and quasi-judicial immunity, the United States is also entitled to immunity. 28 U.S.C. § 2674. Accordingly, this Court lacks jurisdiction over Plaintiff's suit against the United States based on the Clerk of Court's alleged negligent action in failing to docket the notice of appeal.

## II.     Plaintiff fails to state a claim for relief.

Even if Plaintiff's suit was not jurisdictionally barred, it would be subject to dismissal for failure to state a claim. Plaintiff denominates his claim as a claim for negligence in the performance of a ministerial duty. Plaintiff does not further particularize what tort he is claiming. ECF 1, p. 4–5. However, his central claim is that he was deprived of his right to appeal, which is a Due Process claim. "[T]he United States has [] not rendered itself liable under the FTCA for constitutional tort claims." *Williams v. United* States, 242 F.3d 169, 175 (4th Cir. 2001) (citation omitted). Plaintiff has fatally cobbled together concepts from constitutional torts and simple negligence, resulting in a claim that fails to comport with Rule 8 of the Federal Rules of Civil Procedure, and fails to state a claim.

To state a cause of action for negligence, "a plaintiff must show: (1) a duty of care owed by the defendant; (2) a breach of that duty by a negligent act or omission; (3) a negligent act or omission resulted in damages to the Plaintiff; and (4) that damages proximately resulted from the breach of duty." *In re Blackbaud, Inc., Customer Data Breach Litigation*, 567 F. Supp. 3d 667 (D.S.C. 2021). "Proximate cause requires proof of: (1) causation-in-fact and (2) legal cause." *Humphrey v. Day & Zimmerman Intern., Inc.*, 997 F. Supp. 2d 388, 394 (D.S.C. 2014). Plaintiff

---

WL 4274834, at *2 (D.S.C. July 14, 2015) (citation omitted).

has failed to set forth in his Complaint plausible allegations of proximate cause. That is, Plaintiff has not alleged —nor could he plausibly do so—that had the Clerk of Court docketed the appeal, plaintiff would have succeeded on appeal and obtained a reversal of the District Court's findings. ECF 1, p. 5, ¶ 22.

Plaintiff's suit necessarily relies on the success on appeal of his allegations in *Bruce v. Bank of America*, N.A., 2:19-2854-BHH, wherein Plaintiff sought to confirm a fraudulent arbitration award purportedly entered by Sittcomm Arbitration Association (ECF 1-1). Plaintiff's claims in *Bruce* were clearly frivolous. Opinion and Order, ECF 1-2 (referencing Plaintiff's failure to present any evidence establishing the existence of a binding arbitration award and his fatally flawed assertions).[4] In the instant case, then, Plaintiff has failed to state a claim because he has failed to allege plausible allegations of causation-in-fact or legal cause. *Twombly*, 550 U.S. at 555.

In addition, as to Plaintiff's claim for damages for emotional distress, there is no right to an award for damages for emotional distress in the absence of symptoms of related disease. *See Spaugh v. Atlantic Coast Line R. Co.*, 158 S.C. 25, 155 S.E. 145 (1930) (requiring physical manifestation of emotional injury in order to constitute compensable damages.). Plaintiff alleges purely emotional distress, and for this reason as well has failed to state a claim.

### III.    The Court has inherent authority to dismiss frivolous actions.

---

[4] *See also, Pena v. TD Auto Finance LLC*, 860 F. App'x (3d Cir. 2021), wherein the Third Circuit affirmed the judgment of the lower court. At the district court level, TD Auto Finance had characterized the purported Sitcomm Arbitration Association ("Sitcomm") award as a "sham." *Id.* The district court had found that the purported arbitration award from Sitcomm was not genuine, and that other courts had denied similar requests to confirm awards issued by Sitcomm Arbitration Association because the awards were illegitimate. *Id. See also Magee v. Nationstar Mortgage, LLC*, No. 5:19-MC-017-H, 2020 WL 1188445, at *1 (N.D. Tx. Mar. 11, 2020) (collecting cases detailing Sitcomm's fraudulent arbitration scheme). Sitcomm has been associated with the "sovereign citizens" movement. *See* https://lasvegas.adl.org/new-sovereign-citizen-bogus-arbitration-tactics-appearing-in-many-states/.

"[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Ross*, 493 F. App'x at 406 (collecting cases). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's Complaint is frivolous, and should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant United States respectfully requests that this Court grant Defendant's Motion and dismiss Plaintiff's FTCA Complaint.

                              Respectfully submitted,

                              BRYAN P. STIRLING
                              UNITED STATES ATTORNEY

By:    *s/Beth Drake*
        Beth Drake (#5598)
        Assistant United States Attorney
        1441 Main Street, Suite 500
        Columbia, South Carolina   29201
        Phone:   (803) 929-3061
        Email:   Beth.Drake@usdoj.gov

August 20, 2025

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that she has caused the attached **MOTION TO DISMISS** to be served by an employee of the Office of the United States Attorney for the District of South Carolina who is a person of such age and discretion as to be competent to serve papers.

Therefore, on August 20, 2025, a copy of the foregoing document will be filed via the Court's CM/ECF system and will be served by U.S. mail to the name and address listed below from the United States Attorney's Office, 1441 Main Street, Suite 500, Columbia, South Carolina 29201.

The undersigned also certifies that she has provided Plaintiff with copies of any unpublished decisions which are cited herein.

Nelson L. Bruce
144 Pavilion Street
Summerville, SC 29483

*s/Beth Drake*
BETH DRAKE (#5598)
Assistant United States Attorney

8