IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Civil Action Number: 3:25-cv-04020-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| The United States, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS</u>**

On September 25, 2025, Plaintiff filed a Response (Dkt. No.32) in opposition to Defendant's Motion to Dismiss (Dkt. No. 23). In making his argument, Plaintiff relies on cases that are inapposite to his argument.

1. **The central cases cited by Plaintiff on the issue of immunity are either distinguishable or no longer good law.**

In his Response, Plaintiff has confused the role of a court reporter with the roll of a clerk of court. In *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993), the Supreme Court declined to extend absolute immunity to a court reporter who had lost her notes and tapes and was unable to produce a verbatim transcript of a federal criminal trial. 508 U.S. at 437. The position of court reporter, who in the *Antoine* case appears to have been a private contractor, involves very different responsibilities than that of a clerk of court. Thus, the *Antoine* case is not determinative of the point Plaintiff would like to make.

Plaintiff's Response also includes language which he styles as quotations from the *Antoine* case. Plaintiff claims that the Supreme Court stated in *Antoine*, "Filing a document is a ministerial duty…not protected by judicial immunity." Dkt. No. 32, p. 3. However, this language is not from

1

the *Antoine* case.¹ Further, as outlined in the United States' Motion to Dismiss, Fourth Circuit case law supports that Clerks of Court have absolute and quasi-judicial immunity for tasks required of them pursuant to a court order and tasks that are an integral part of the judicial process. *See* Dkt. 23, pp. 3–5.

Nor does Plaintiff's reference to *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972), save his argument. *McCray* was overruled by the Fourth Circuit Court of Appeals in *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995). In *Pink*, the Fourth Circuit stated, "To the extent that *McCray* authorizes a cause of action for merely negligent conduct that impacts access to the courts, it is inconsistent with the Supreme Court's subsequent decision in *Daniels* [*v. Williams*, 474 U.S. 327 (1986).]" *Id.*²

**2. Contrary to his claim, Plaintiff must identify a non-frivolous underlying claim in order to succeed on an access to courts claim.**

Plaintiff's assertion that he need not identify a non-frivolous underlying action or claim in support of his right to access the courts is simply incorrect. Dkt. 32, pp. 6–11, 12–13. In *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002),³ a *Bivens* case where the plaintiff asserted the constitutional deprivation was access to the courts, the Supreme Court recognized the right to

---

¹ Plaintiff cites the *Antoine* case a second time, and includes what he styles as another quotation: "the relevant inquiry is the nature of the function performed, not the identity of the actor." Dkt. 32, p. 2. This language is also not included in the *Antoine* decision.

² In *Daniels*, the Supreme Court held that mere negligent conduct—a simple lack of due care—does not implicate the Due Process clause, or give rise to a constitutional claim under 42 U.S.C. § 1983. 474 U.S. at 329.

³ Plaintiff also misquotes the Supreme Court in *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002). Dkt. 32, p. 12. Notably, the *Christopher* case was a *Bivens* action where plaintiff sought a remedy for the denial of her asserted right to access the courts. Plaintiff has repeatedly disclaimed that he is attempting to assert a *Bivens* claim for denial of the right to access the courts. Dkt, 32, p. 5. However, an access to courts claim is a constitutional tort, and the United States has not waived sovereign immunity under the FTCA for constitutional torts. *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999); *Williams v. United States*, 242 F.3d 169, 175 (4th Cir. 2001).

access judicial relief for a wrong "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." 526 U.S. at 415. The Court went on to hold that on both forward-looking cases and backward-looking access claims, "the named plaintiff must identify a nonfrivolous, arguable underlying claim." *Id.* (internal quotations and citation omitted). In *Murdock v. Thompson*, the Fourth Circuit described the constitutional tort of access to courts as requiring a "nonfrivolous" underlying claim:

> To prevail on an access claim, [a plaintiff] must demonstrate an actual injury, meaning that [the defendant's] "alleged shortcomings ... hindered his efforts to pursue a legal claim." *Lewis v. Casey]*, 518 U.S. [343,] 351 [(1996)]. In a backwards-looking access claim like the one here, a plaintiff seeks recompense for "the loss of an opportunity to seek some particular order of relief." *Christopher v. Harbury*, 536 U.S. 403, 414 (2002). Generally, to prevail on such a claim, a plaintiff must establish (1) that he lost the opportunity to pursue a "'nonfrivolous,' 'arguable'" underlying claim, (2) "the official acts frustrating the litigation;" and (3) that the relief he seeks is "unobtainable in other suits." *Id.* at 415–16.

No. 20-6278, 2022 WL 17352171, at *4 (4th Cir. Dec. 1, 2022). Thus, the merits of the underlying case and appeal are determinative in a denial of access to courts claim. Plaintiff has not alleged and cannot establish proximate cause for any injury in the absence of a meritorious underlying cause of action. Dkt. No. 23, p. 5.

3. **Plaintiff misquotes the cases he cites for the proposition that emotional damages are available in simple tort in the absence of physical injury.**

Plaintiff again misquotes two cases on the issue of whether simple tort damages are available for his alleged emotional distress purportedly stemming from the loss of his right to appeal where there is not allegation of physical injury. Plaintiff asserts that "South Carolina courts have recognized that in limited contexts particularly where a 'legal or procedural right' is obstructed emotional damages may be sustained without physical injury." Dkt. 32, p. 13. Plaintiff cites the cases of *Kinard v. Augusta Sash & Door Co.*, 286 S.C. 579, 336 S.E.2d 465 (Ct. App.

1985), and *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981), and includes what he represents as quotes from those cases. However, the language included by Plaintiff is not from the cited cases. Further, these cases do not support Plaintiff's argument that damages for his claimed emotional distress are available in simple tort in the absence of physical injury. In *Ford*, the South Carolina Supreme Court recognized liability for the tort of intentional infliction of emotional distress where a defendant intentionally or recklessly acts to inflict emotional distress. 276 S.E.2d at 778. In *Kinard*, the Court of Appeals limited the cause of action for negligent infliction of emotional distress to bystander recovery. 336 S.E.2d at 467.[4] Plaintiff has not stated a claim for the intentional infliction of emotional distress or a claim for bystander liability. Thus, these cases are inapposite on the issue of Plaintiff's failure to state a claim. *See* Dkt. No. 23, p. 6.

## CONCLUSION

For the foregoing reasons, as more fully stated in the Motion to Dismiss, Dkt. No. 23, Defendant respectfully requests that this Court grant Defendant's Motion and dismiss Plaintiff's Complaint.

                              Respectfully submitted,

                              BRYAN P. STIRLING
                              UNITED STATES ATTORNEY

                     By:    *s/Beth Drake*
                              Beth Drake (#5598)
                              Assistant United States Attorney
                              1441 Main Street, Suite 500
                              Columbia, South Carolina  29201
                              Phone:  (803) 929-3061
                              Email:  Beth.Drake@usdoj.gov

September 30, 2025

---

[4] In *K.S. by and through Seeger v. Richland School District Two*, the South Carolina Supreme Court reaffirmed that "[t]he cause of action for the negligent infliction of emotional distress is limited to the bystander context." 445 S.C. 111, 912 S.E.2d 240, 244 (2025).

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that she has caused the attached **UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS** to be served by an employee of the Office of the United States Attorney for the District of South Carolina who is a person of such age and discretion as to be competent to serve papers.

Therefore, on September 30, 2025, a copy of the foregoing document will be filed via the court's CM/ECF system and will be served by U.S. mail to the name and address listed below from the United States Attorney's Office, 1441 Main Street, Suite 500, Columbia, South Carolina 29201.

The undersigned also certifies that she has provided Plaintiff with copies of any unpublished decisions which are cited herein.

Nelson L. Bruce
144 Pavilion Street
Summerville, SC 29483

*s/Beth Drake*
BETH DRAKE (#5598)
Assistant United States Attorney