IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | C/A No. 3:25-4020-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| The United States, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Nelson L. Bruce, who is self-represented, filed this action pursuant to the Federal Tort Claims Act ("FTCA" or "Act"), 28 U.S.C. §§ 2671-2680, 1346(b). Bruce contends that a deputy clerk of court in the United States District Court's Charleston Division negligently failed to docket his notice of appeal in a previous civil case.[1] He claims this failure deprived him of appellate review of the district judge's decision. This matter is before the court for a Report and Recommendation on the Government's motion to dismiss.[2] (ECF No. 23.) The motion is fully briefed and ripe for resolution.[3] (ECF Nos. 23, 32, & 34.) Having reviewed the parties' submissions and the applicable law, the court recommends that the case be dismissed for lack of subject matter jurisdiction.

---

[1] See Bruce v. Bank of America, 2:19-2854-BHH.

[2] See 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the Government's motion. (ECF No. 26.)

[3] The plaintiff also filed a motion and proposed sur-reply. (ECF Nos. 36, 36-1.) As the United States points out, none of the arguments in its reply memorandum warranted a sur-reply. The plaintiff's motion is therefore denied. In any event, consideration of the proposed sur-reply would not change the court's recommendation.

The Federal Tort Claims Act effects only a limited waiver of the sovereign immunity of the United States Government. See Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005). The Act expressly preserves the defense of judicial immunity. See 28 U.S.C. § 2674 (permitting the United States "to assert any defense based upon judicial . . . immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim"). Courts have recognized in many contexts that "a court clerk is generally entitled to quasi-judicial immunity." See, e.g., Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012). Quasi-judicial immunity protects quasi-judicial actors such as deputy clerks of court for tasks undertaken as part of the judicial process. See Al-Mujahadin v. McBride, C/A No. 9:13-2671-BHH, 2015 WL 402918, at *4 (D.S.C. Jan. 28, 2015) (recognizing in a civil rights case that clerks of court have quasi-judicial immunity for tasks that are an integral part of the judicial process and collecting cases). Quasi-judicial immunity has specifically been applied to FTCA claims. See Meyers v. United States, C/A No. 7:23-cv-00347, 2024 WL 1893607, at *3 (W.D. Va. Apr. 30, 2024) (finding an FTCA claim to be frivolous because the past and current clerks of court had immunity for a claim challenging actions relating to the entry of a pre-filing injunction). Because Bruce alleges negligence in the performance of a quasi-judicial task—maintaining the court's official docket—by a federal employee with quasi-judicial immunity, the United States is immune from suit. See 28 U.S.C. § 2674; Fed. R. Civ. P. 5(d)(4) & 79.

Bruce's attempt to distinguish his claim by characterizing the deputy clerk's action as "ministerial" rather than quasi-judicial is unavailing. As detailed below, courts have routinely extended quasi-judicial immunity based on similar facts. Bruce inaptly relies on Antoine v. Byers

& Anderson, Inc., 508 U.S. 429 (1993).[4] In Antoine, the Supreme Court declined to extend immunity to a court reporter for a claim arising out of the court reporter's alleged loss of notes and consequent failure to timely and completely prepare a verbatim transcript of the plaintiff's criminal trial. The court reasoned that the court reporter was not entitled to immunity because preparing a verbatim transcript was not a judicial or quasi-judicial function. Id. at 436-37. The case does not support Bruce's attempt to strip a deputy clerk of the well-recognized, quasi-judicial immunity afforded to clerks of court for their official actions based on his argument that the clerk's failure to act was "non-discretionary" or "ministerial." Rather, Bruce appears to conflate quasi-judicial immunity with other protections that examine whether a federal employee's action is ministerial or discretionary, such as the discretionary function exception under the FTCA. See, e.g., 28 U.S.C. § 2680; United States v. Gaubert, 499 U.S. 315, 322 (1991) (discussing § 2680's discretionary function exception and emphasizing that the inquiry is on the "nature of the conduct" rather than the "status of the actor"). He cites no authority that absolute quasi-judicial immunity, once it attaches, extends only to discretionary—but not ministerial—official acts. Rather, case law shows that as long as the act is integral to the judicial process, quasi-judicial immunity applies.[5] See

---

[4] And, as the United States points out, the quotations he includes in his memorandum do not actually appear in Antoine. Whether this error resulted from the use of a generative-Artificial Intelligence tool is not apparent; regardless, the plaintiff is admonished against making unwarranted legal contentions in violation of Rule 11 of the Federal Rules of Civil Procedure. Further violation may lead to sanctions, including dismissal of his case. Fed. R. Civ. P. 11.

[5] Of course, courts have recognized that acts that are not judicial ones are not entitled to immunity. See, e.g., Forrester v. White, 484 U.S. 219, 229 (1988) (holding that a state judge was not entitled to absolute judicial immunity for firing a probation officer on account of her sex because terminating her employment was not a judicial or adjudicatory function, but rather an executive or administrative one). Similarly, acts done in absence of all jurisdiction are not protected. Cf. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' ").

Sequoia v. Sequoia, C/A No. 8:25-cv-0158-DCC-WSB, 2025 WL 1118591, at *6 (D.S.C. Jan. 9, 2025) ("[C]lerks of court are generally afforded quasi-judicial immunity from suit on claims involving 'tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.' "), R&R adopted by 2025 WL 1115680 (D.S.C. Apr. 15, 2025) (quoting Hamilton v. United States, C/A No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *6 (D.S.C. Aug. 26, 2020), R&R adopted by 2020 WL 5939235 (D.S.C. Oct. 7, 2020) ("[C]laims against the deputy clerk for tasks under[taken] as part of the judicial process are subject to summary dismissal based on quasi-judicial immunity."), aff'd, 848 F. App'x 564 (4th Cir. 2021)); Robinson v. McBride, C/A No. 3:13-352-CMC-TER, 2013 WL 2099491, at *4 (D.S.C. Apr. 12, 2013) (concluding that a clerk of court's alleged failure to file the plaintiff's notice of intent to appeal involved the performance of official tasks, which include filing and processing pleadings and orders, so the clerk of court was protected by quasi-judicial immunity).

The relevant inquiry here is not whether the clerk of court's act was "ministerial," but whether it was "judicial." Meyers, 2024 WL 1893607, at *3 (inquiring whether the challenged action was "judicial" in determining whether a particular judge and clerks of court had judicial or quasi-judicial immunity). Maintaining the public docket of the court is inherently part of the judicial process. Numerous cases have extended quasi-judicial immunity to precisely the types of circumstances presented here. Sequoia, 2025 WL 1118591, at *6 (extending quasi-judicial immunity in a § 1983 claim against the Clerk of the South Carolina Court of Appeals for alleged constitutional violations in processing the plaintiff's *notice of appeal*); Robinson, 2013 WL 2099491, at *3 (dismissing a § 1983 claim against a clerk of court for failing to properly process the plaintiff's *notice of appeal*); see Meyers, 2024 WL 1893607, at *3 (concluding that 28 U.S.C. § 2674 barred a plaintiff's FTCA claim based on the clerk of court's *entry of a pre-filing injunction*

against him); Hamilton v. United States, C/A No. 2:20-cv-01666-RMG, 2020 WL 5939235 (dismissing a § 1983 claim against the clerk of court for lack of subject matter jurisdiction based on quasi-judicial immunity where the plaintiff's claim arose from the clerk of court's *docketing of an order* that allegedly discriminated against her); Al-Mujahadin, 2015 WL 402918, at *4 (dismissing a civil rights claim alleging that the clerk of court *refused to place the plaintiff's motions "before the court"* or give him an explanation as to why); see also Wymore v. Green, 245 F. App'x 780, 783 (10th Cir. 2007) (considering a § 1983 claim based on a deputy clerk of court's *refusal to file* the plaintiff's court documents and extending absolute quasi-judicial immunity because the deputy clerk's actions were "judicial act[s], . . . having an integral relationship with the judicial process") (quoting Coleman v. Farnsworth, 90 F. App'x 313, 317 (10th Cir. 2004)); Sequoia, 2025 WL 1118591, at *6 (collecting cases illustrating that acts such as failing to *provide a litigant with a transcript*, failing to process a *notice of appeal*, and *failing to deliver a judge's order* all fall within quasi-judicial immunity). Moreover, Bruce cites no support for his intimation that quasi-judicial immunity does not apply to tort-based negligence claims as well as constitutional claims brought under § 1983. Cf. Meyers, 2024 WL 1893607, at *3 (FTCA). To the contrary, this contention is directly at odds with the plain language of the Act. See 28 U.S.C. § 2674 ("With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial . . . immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim . . . .").

## RECOMMENDATION

The court lacks subject matter jurisdiction over this case because the United States has not waived its sovereign immunity as to the plaintiff's claim. See Evans v. United States, 105 F.4th 606, 612 (4th Cir. 2024) ("Because the FTCA confers jurisdiction only over claims covered by the Act, district courts lack subject-matter jurisdiction over claims against the government that fall outside of the statute's purview."). The defendant's motion should therefore be granted.

January 14, 2026  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).