IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson L. Bruce,<br><br>    Plaintiff,<br><br>v.<br><br>The United States,<br><br>    Defendant. | Case No.: 3:25-cv-4020-SAL<br><br><br>**ORDER** |

    Nelson L. Bruce, proceeding *pro se*, brings this civil action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, 1346(b). Bruce contends that a deputy clerk of court in the United States District Court's Charleston Division negligently failed to docket his notice of appeal in a previous civil case.[1] He claims this failure deprived him of appellate review of the district judge's decision. Before the court is the United States' motion to dismiss. [ECF No. 23.] United States Magistrate Judge Paige J. Gossett, under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(4) (D.S.C.), issued a Report and Recommendation ("Report"), recommending that the motion be granted. [ECF No. 51.] Bruce timely objected.[2] [ECF No. 56.]

---

[1] *See Bruce v. Bank of America*, 2:19-2854-BHH. According to Bruce, he hand-delivered the notice of appeal to the court on September 2, 2022, and received a stamped copy at that time but the notice of appeal was never filed on the docket. The record does not reflect that Bruce sought relief in that case by asking for an extension of time to appeal under the appellate rules. The docket reflects a judgment was entered on August 4, 2022, with no docket entries after that date. *See Bruce v. Bank of America*, ECF Nos. 69, 70. Rather than pursuing relief in that action, Bruce initiated proceedings under the FTCA on July 2, 2024. ECF Nos. 1-3, 1-7. It is unclear when Bruce realized that his notice of appeal had not been filed or why he waited more than a year and a half to file an FTCA claim raising the same issues.

[2] The court observes that Bruce's filings in this case bear characteristics the court has increasingly observed in briefs generated by artificial intelligence ("AI") programs. *See* ECF Nos. 1, 56. Perhaps as the result of using AI, sometimes there are errors in Bruce's citations or statements of law. For example, Bruce claims Local Rule 83.I.08 "obligates the Clerk to accept all filings,

1

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

---

regardless of form, and to note deficiencies rather than reject them." [ECF No. 1 at 5.] In fact, Local Rule 83.I.08 relates to rules of disciplinary enforcement.

"It is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and pro se litigants have cited such fake, hallucinated cases in their briefs." *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025). Although the court does not impose sanctions at this time, it cautions Bruce that the submission of nonexistent or inaccurate legal authority is improper and wastes judicial resources. The court concludes a warning is appropriate here. *See id.* at 170. ("[G]iven the relative novelty of AI, the Court recognizes that Plaintiff may not have been aware of the risk that AI programs can generate fake case citations and other legal misstatements. For this reason, many judges opt to warn—rather than sanction—pro se litigants who have improperly used AI . . . ."). Bruce is now on notice that he could be subjected to sanctions, including the striking of filings, the imposition of filing restrictions, monetary penalties, or the dismissal of his action, should he cite fake, AI-generated legal authority to the court.

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Without *specific* objections, this court need not give any explanation for adopting the recommendation. *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009). That said, the Fourth Circuit has instructed district courts that *pro se* filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 (4th Cir. 1994).

## DISCUSSION

The magistrate judge found that Bruce's claim fails because clerks of court are generally entitled to quasi-judicial immunity. *See* ECF No. 51. Bruce opposes dismissal and generally objects to the entire Report. [ECF No. 56.] For the reasons below, the court agrees that quasi-judicial immunity applies and that Bruce's claim must be dismissed.

The FTCA provides only a limited waiver of the United States' sovereign immunity. *See Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). The Act expressly preserves defenses based on judicial immunity. *See* 28 U.S.C. § 2674 (permitting the United States "to assert any defense based upon judicial . . . immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim"). Courts have recognized in many contexts that "a court clerk is generally entitled to quasi-judicial immunity." *See, e.g.*, *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012). Quasi-judicial immunity protects quasi-judicial actors such as deputy clerks of court for tasks undertaken as part of the judicial process. *See Al-Mujahadin v. McBride*, C/A No. 9:13-2671-BHH, 2015 WL 402918, at *4 (D.S.C. Jan. 28, 2015).

Here, Bruce asserts a single claim for negligence, alleging that a docketing clerk failed to properly docket his notice of appeal.[3] That said, clerks of court are generally entitled to quasi-judicial immunity for negligent acts, though such immunity would not extend to intentional acts. *Compare Pink v. Lester,* 52 F.3d 73, 78 (4th Cir. 1995) (holding that causes of action against clerks of court for negligent conduct impeding access to the courts cannot survive) *with Myer v. Stoney*, 752 F. App'x 157, 158 (4th Cir. 2019) (noting that a district court "may have erred" in concluding that a plaintiff's claim against a clerk of court for intentional refusal to file documents was barred by quasi-judicial immunity); *see also Wymore v. Green*, 245 F. App'x 780, 783 (10th Cir. 2007) (considering a § 1983 claim based on a deputy clerk of court's *refusal to file* the plaintiff's court documents and extending absolute quasi-judicial immunity because the deputy clerk's actions were "judicial act[s], . . . having an integral relationship with the judicial process" (quoting *Coleman v. Farnsworth*, 90 F. App'x 313, 317 (10th Cir. 2004))); *Meyers v. United States*, No. 7:23CV00347, 2024 WL 1893607, at *3 (W.D. Va. Apr. 30, 2024) ("[P]ast and current Clerks of Court are entitled to quasi-judicial immunity for tasks they undertook as part of the judicial process."). Because Bruce alleges only negligence, his claim falls squarely within the scope of quasi-judicial immunity and is therefore subject to dismissal.

---

[3] The sole cause of action in Bruce's complaint is for negligence. *See* ECF No. 1 at 4–5. As a result, the magistrate judge entered an order construing Bruce's action as one for negligence and offered him the opportunity to object to this construction. *See* ECF No. 18 at 1; ECF No. 27 ("[I]f any party disagrees with the court's construction of the Plaintiff's claims, he or she may file an appropriate motion with the court within seven (7) days from the date of this order."). Bruce did not timely object, nor did he seek to amend his complaint. While Bruce argues in his objections that the magistrate judge "incorrectly redefines [his] claim as negligence 'in maintaining the court's official docket,'" and that he instead alleges a claim for "failure to perform the act that creates appellate jurisdiction," he makes clear that his claim "is soundly grounded in negligence, not a constitutional tort." [ECF No. 56 at 6; ECF No. 32 at 5.] Accordingly, Bruce's claim, as articulated in the complaint and as construed by the magistrate judge, sounds in negligence and thus fails due to quasi-judicial immunity.

In his objections, Bruce argues that the filing of a notice of appeal is "an event of jurisdictional significance," that the magistrate judge improperly relied on unpublished cases from the Fourth Circuit as if they were binding, and that the magistrate judge improperly applied the doctrine of quasi-judicial immunity. *See generally* ECF No. 56 at 6–18. However, the court finds that the magistrate judge's analysis is consistent with the Fourth Circuit's holding in *Pink* that court clerks are immune from actions alleging negligent conduct concerning access to courts. *See* 52 F.3d at 78; *Hamilton v. Murray*, 648 F. App'x 344, 345 (4th Cir. 2016). Bruce further contends that the act of filing a document is ministerial and thus immunity would not apply. [ECF No. 56 at 3, 8–9, 10–17.] That said, even assuming the clerk of court's actions were ministerial, the court finds that because Bruce alleged negligence, the immunity analysis remains the same. Accordingly, even upon de novo review, the court further finds that the magistrate judge correctly applied the law governing Bruce's allegations and correctly recommended dismissal.

After a thorough review of the Report, the applicable law, and the record of this case, the court **ADOPTS** the Report and Recommendation, ECF No. 51, and overrules Bruce's objections. As a result, the United States' motion to dismiss, ECF No. 23, is **GRANTED**. Bruce fails to state a plausible claim for relief, and his claim is therefore dismissed **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

February 9, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge