**Record/FILE ON DEMAND**    U.S.P.S. PRIORITY MAIL TRACKING NO. 9405 5301 0935 5293 2492 51

RECEIVED
USDC CLERK, COLUMBIA, SC
2026 MAR -2 PM 2:41

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | |
|---|---|
| Nelson L. Bruce,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>The United States, et al.<br><br>　　　　　　Defendants. | Case No.: 3:25-4020-SAL-PJG<br><br>EMERGENCY PETITION TO VACATE AND FOR LEAVE TO FILE AMENDED COMPLAINT AND REOPEN THE CASE IN THE INTEREST OF JUDICIAL EFFICIENCY |

### INTRODUCTION

Plaintiff, Nelson L. Bruce pursuant to **Fed. R. Civ. P. 15(a)(2)** and 60(b), respectfully moves this Honorable Court by this Emergency Petition to vacate its order and for leave to reopen this case and grant permission to file an amended complaint in the interests of judicial efficiency and in accordance with the liberal amendment policy recognized in ***Foman v. Davis,*** **371 U.S. 178 (1962)** and applied in the Fourth Circuit in ***Laber v. Harvey,*** **438 F.3d 404 (4th Cir. 2006).**

In ***Foman***, the Supreme Court stated: ***"If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits … [L]eave to amend shall be freely given when justice so requires."*** **(371 U.S. at 182)**. The Fourth Circuit echoed this principle in ***Laber***, holding that ***"a post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered; that is, Rule 15(a) directs that leave to amend "shall be freely given when justice so requires."*** **(438 F.3d at 427)**. Which is the case here. ***Ostrzenski v. Seigel***, **177 F.3d 245, 252-53 (4th Cir. 1999)** ("The federal rule policy of deciding

cases on the basis of the substantive rights involved rather than on technicalities requires that [the] plaintiff be given every opportunity to cure a formal defect in his pleading." (quoting **5A Charles Allen Wright & Arthur R. Miller,** *Federal Practice & Procedure* **§ 1357 (2d ed.1990)))**.

## I.     Grounds for Reopening

This Court dismissed the prior complaint **without prejudice**, concluding that Plaintiff alleged only negligence and not intentional acts, as quasi-judicial immunity shields clerical negligence under *Pink v. Lester*, **52 F.3d 73 (4th Cir. 1995).** The Plaintiff now seeks to clarify and amend to allege that the Clerk's conduct was intentional and outside the scope of quasi-judicial immunity recognized for negligent acts.

In *Pink*, the Fourth Circuit held: ***"a clerk of court's failure to file a prisoner's complaint was not a violation of the prisoner's right of access…The Court found that the prisoner had not shown that the clerk "deliberately" failed to file the complaint.*** However, this ruling indicates that had the prisoner shown that the clerk deliberately failed to file the complaint, i.e. intentionally refused to file papers for right of access to the court, the clerk would not be immune therefore, liable for violations of a right to access the court which is the case here.

Furthermore, in *Myer v. Stoney,* **752 F. App'x 157 (4th Cir. 2019),** the Fourth Circuit noted that "the district court may have erred in concluding that Myer's claim against Christopher Barr was barred by quasijudicial immunity, quoting *McCray v. Maryland,* **456 F.2d 1, 4 (4th Cir. 1972)** ("holding that in respect to filing papers, the clerk has no discretion that merits insulation by a grant of absolute immunity; the act is mandatory…His duty, although associated with the court system, is not quasi-judicial (meaning entailing a discretion similar to that exercised by a judge)...Clerical duties are generally classified as ministerial…and the act of filing papers with the court is as ministerial and inflexibly mandatory as any of the clerk's responsibilities.")  This distinction

establishes that clerk's duties are not quasi-judicial entitling them to absolute immunity.  That the intentional refusals to perform ministerial filing duties fall outside quasi-judicial protection.

Thus, judicial economy favors reopening this case to allow amendment clarifying that Although it can be liberally construed that the clerk's acts were intentional, Plaintiff's claim alleges **intentional obstruction,** not mere negligence to ensure the matter is addressed on its merits as the proposed amended complaint satisfies the requirements of the federal rules, therefore, states claims to which relief can be granted.

## II.    Procedural Background

On February 9, 2026, this Court entered a Judgment in a Civil Action dismissing Plaintiff's complaint without prejudice. See…ECF No. 57. The dismissal was not an adjudication on the merits. Plaintiff now requests permission to amend the complaint to assert claims against the United States who is responsible and or liable for the Clerk of Court actions based on intentional acts that interfered with Plaintiff's constitutional due process rights, the right of access to the courts, the right to access the jurisdiction of the Appeals Court.

## III.    Legal Standard

Under Fed. R. Civ. P. 15(a)(2), courts should "freely give leave to amend when justice so requires." The Fourth Circuit has repeatedly emphasized a liberal policy favoring amendment where the amendment would not result in prejudice or undue delay. **See…*Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006); *Foman v. Davis,* 371 U.S. 178, 182 (1962).**

## IV.    Argument

1. **Judicial Efficiency:** Allowing amendment within the same case conserves judicial resources and expedites the resolution of related issues that have already been brief especially since plaintiff has already paid the $405 for this case to proceed.

2. **No Prejudice to Defendant:** The case was dismissed without prejudice prior to any judgment on the merits, and the United States has not expended additional resources.

Because the Court's prior dismissal order was without prejudice, it does not bar further proceedings in this action. Courts in this District routinely grant motions to amend following dismissals without prejudice to prevent unnecessary refiling and conserve judicial resources. This Court retains the discretion to reopen and allow amendment without requiring refiling. *Young v. Nickols,* **413 F.3d 416, 418 (4th Cir. 2005).**

3. **Ministerial Acts Are Not Immunized:** The fourth Circuit held that "Clerical duties are generally classified as ministerial" …that, "the clerk is entitled to no more protection than any other state ministerial functionary who fails to discharge a mandatory duty. *McCray v. Maryland,* **456 F.2d 1, 4 (4th Cir. 1972)**

4. **Intentional Obstruction of Court Access States a Constitutional Claim:** The Fourth Circuit has recognized that a clerk's intentional refusal to file documents may constitute a First and Fifth Amendment violation independent of negligence. The deliberate (intentional) failure by the clerk of court to file papers given 2 opportunities to do so violates constitutional Due Process Rights to access the court's jurisdiction. In this case it can be liberally construed a jury could determine that based on the fact that plaintiff presented the clerk of court at the same location with a notice of appeal by mail with signature acceptance and physical served on the clerk the notice of appeal evidenced by the clerks received dated stamp. That the clerk deliberately/intentionally refused to file plaintiff's notice of appeal documents violating the plaintiff's right to petition the government for redress of grievance. *Pink v. Lester,* **52 F.3d 73, 78 (4th Cir. 1995).**

5. **Judicial Efficiency and Equity Support Relief:** Post-judgment amendment is favored to clarify the pleadings rather than requiring duplicative litigation. *Katyle v. Penn Nat'l Gaming, Inc.,* **637 F.3d 462, 471 (4th Cir. 2011).** Plaintiff's amended complaint raises

the issue of deliberate and intentional refusal to file his notice of appeal after having two opportunities to do so.  The amended complaint states a claim to which relief can be granted and therefore is not futile.

6. **Interests of Justice:** Plaintiff's proposed amended complaint narrows and clarifies the issues by focusing on intentional acts by a court officer that allegedly violated the constitutional right of access to the courts, as recognized in *Bounds v. Smith, 430 U.S. 817 (1977)* **and** *McCray v. Maryland, 456 F.2d 1 (4th Cir. 1972).*

## V. RELIEF UNDER RULE 60(b)

Pursuant to Fed. R. Civ. P. 60(b), Plaintiff respectfully moves this Honorable Court to vacate its prior Order of Dismissal and reopen this action in the interests of justice and judicial efficiency. The grounds for relief are set forth as follows:

### A. Legal Standard

Rule 60(b) authorizes the Court to relieve a party from a final judgment or order where the judgment was entered through: (1) mistake, inadvertence, surprise, or excusable neglect; or (6) any other reason that justifies relief. Relief under subsection (b)(6) operates as a "grand reservoir of equitable power to do justice in a particular case," *Reid v. Angelone, 369 F.3d 363, 374 (4th Cir. 2004)*, but requires a showing of "extraordinary circumstances" as articulated by the Supreme Court in *Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988)* and reaffirmed in *Kemp v. United States, 142 S. Ct. 1856, 1861 (2022).*

### B. Extraordinary Circumstances Supporting Relief

The present case satisfies the "extraordinary circumstances" requirement because the Court's prior dismissal was based on an application of quasi-judicial immunity that did not account for the distinction between negligent ministerial acts, which may be immune under *Pink v. Lester, 52 F.3d 73 (4th Cir. 1995),* and intentional or obstructive acts, which are not protected under *McCray v. Maryland, 456 F.2d 1 (4th Cir. 1972)* and *Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993).* Plaintiff has now clarified that the conduct of the Clerk at issue included

deliberate acts of obstruction and interference that deprived Plaintiff of meaningful access to the courts.

Furthermore, Rule 60(b)(1) supports vacatur on grounds of mistake and excusable neglect in view of the Court's nonconsideration of Plaintiff's allegations which could construe the clerks acts as intentional. The Supreme Court has recognized that Rule 60(b) functions to correct such errors to ensure fairness when judicial misunderstanding or factual oversight contributes to dismissal. ***Blom Bank Sal v. Honickman, 601 U.S. ___ (2024)***.

### C. Reasonable Timing and Good Faith

This motion is made within a reasonable time following the Court's entry of dismissal, and Plaintiff acts in good faith to clarify the record and proceed on the merits. No prejudice will accrue to the Defendant because this motion is accompanied by a proposed Amended Complaint that refines the claims consistent with controlling precedent and the Federal Rules.

### D. Interests of Justice and Judicial Efficiency

Relief under Rule 60(b)(6) is further warranted because the proposed amendment advances the fundamental preference for resolving claims on their merits. ***Foman v. Davis, 371 U.S. 178, 182 (1962).*** In line with the Fourth Circuit's policy favoring liberal amendment, ***Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006),*** vacating the prior dismissal will avoid repetitive litigation, conserve judicial resources, and permit adjudication of substantial constitutional and statutory claims.

## VI. Relief Requested

Accordingly, Plaintiff respectfully requests that the Court:

1. Vacate its Order of Dismissal pursuant to Fed. R. Civ. P. 60(b).

2. Grant leave to reopen this matter;

3. Grant Plaintiff leave to file the attached Amended Complaint (Exhibit 1) pursuant to Fed. R. Civ. P. 15(a)(2); and

4. Direct the Clerk to file Plaintiff's Amended Complaint as of the date of this court granting this petition.

5. Direct the Clerk to issues summons to the additional defendants, the clerks of court referenced in the amended complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court reopen this action and permit the filing of the Amended Complaint in the interest of judicial efficiency and justice.

**Dated this 28th day of February, 2026.**

**RESPECTFULLY PRESENTED,**

_Nelson L. Bruce_

Nelson L. Bruce, Plaintiff, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained "with prejudice"
P.O. Box 3345, Summerville, SC 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com