IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Civil Action Number: 3:25-cv-04020-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| The United States, | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE IN OPPOSITION TO EMERGENCY PETITION

The United States opposes Plaintiff's Emergency Petition to Vacate and For Leave to File Amended Complaint and Reopen the Case in the Interest of Judicial Efficiency (Dkt. No. 60). Plaintiff has failed to establish exceptional circumstances or to allege meritorious arguments.

### Procedural History

Plaintiff filed his Complaint on May 14, 2025, asserting a single claim of negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S. U.S.C. §§ 2671–2680, 1346(b). Dkt. No. 1. Plaintiff specifically stated in his Complaint that "he is not asserting a constitutional tort," but instead pursuing the negligent, ministerial breaches of the Clerk of Court in failing to docket his notice of appeal of the District Court's dismissal of his case. Id., ¶¶ 32, 38, 28. On February 9, 2026, the District Court entered an order dismissing Plaintiff's Complaint without prejudice. Dkt. No. 57. The Court found that the magistrate judge correctly applied the law, stating that court clerks have quasi-judicial immunity from civil actions alleging negligent conduct concerning access to courts. *Id.* Judgment was entered that same day. Dkt. No. 58.

I.    **A Party Seeking to Vacate a Final Judgment Must Satisfy Rule 60(b)'s Stringent Standards.**

Fed. R. Civ. P. 60(b) allows a district court to relieve a party from a final judgment for

reasons including mistake or excusable neglect, newly discovered evidence, fraud, a void judgment, the judgment has been satisfied, or any other reason that justifies relief. However, Rule 60(b)(6)'s relief is "extraordinary" and is only to be used in "exceptional circumstances." *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979). The broad authority allowed to district courts under Rule 60(b)(6) is "not for the purpose of relieving a party from free, calculated, and deliberate choices he has made." *Gant v. City of North Charleston*, No. 2:08-3257-CWH, 2010 WL 11651901, at *2 (D.S.C. July 13, 2010) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2864 (2d ed. 1995)).

To prevail on a motion under Rule 60(b)(6), the movant must first show: (1) the motion is timely; (2) he has a meritorious defense to the action;[1] (3) the opposing party would not be unfairly prejudiced by having the judgment set aside; and (4) a showing of exceptional circumstances. *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993) (citations omitted). A district court is to "rigorously examine" this four-part predicate threshold showing, after which the court advances to the assessment of the reason proffered for the extraordinary remedy of re-opening the judgment. *Coomer* 2000 WL 1005211, at *4. The decision to grant or deny a Rule 60(b) motion is committed to the district court's discretion. *Nat'l Org. for Women v. Operation Rescue*, 47 F.3d 667, 669 (4th Cir. 1995).

    **II.**    **The Court Should Decline to Reopen the Case so that Plaintiff Can Amend his Complaint.**

    **a.**  **Plaintiff has presented no exceptional circumstances warranting this Court invoking the extraordinary remedy under Rule 60(b)(6).**

---

[1] The meritorious defense prong is reframed where the movant is a plaintiff: "[T]he moving party must show that, if relieved from the order and given another chance to litigate the underlying issues, he will have meritorious arguments to deflect the opposing party's claims." *Coomer v. Coomer*, No. 98-2236, 2000 WL 1005211, at *4 (4th Cir. July 20. 2000).

Plaintiff cites judicial efficiency and a policy in favor of liberal amendment of complaints as the basis for his request that this Court reopen the case and allow him to amend his Complaint. Dkt. No. 60, p. 1. However, the Federal Rules of Civil Procedure also favor finality of judgments and the expeditious termination of litigation. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1489 (3d ed. 2010). *See also Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) ("To give Rule 60(b)(6) broad application would undermine numerous other rules that favor the finality of judgments…."); *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025) (making clear that the Rule 60(b)(6) analysis precedes any analysis under Rule 15(e) due to the threat to final judgments).[2]  Moreover, where Plaintiff has strategically chosen to pursue only a claim of negligence/damages under the FTCA (Dkt. No. 1, ¶ 32), having lost that claim, there is no efficiency in allowing him to amend his Complaint, post-judgment, to assert two new theories of liability against more than one hundred defendants.

---

[2] Plaintiff cites *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011), for the proposition that a "[p]ost-judgment amendment is favored to clarify the pleadings rather than requiring duplicative litigation." The *Katyle* decision concerns what was interpreted to be a Rule 59(e) motion. In addition to being distinguishable on that basis, the *Katyle* decision does not support the proposition for which it is offered. *Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006), and *Foman v. Davis*, 371 U.S. 178 (1962), also involve Rule 59(e) motions. As the Supreme Court pointed out in *BLOM Bank SAL*,

> Rule 60(b) differs from Rule 59(e) in just about every way that matters to the inquiry here. Most relevant, a Rule 60(b) motion threatens an already final judgment with successive litigation, and a motion under Rule 60(b)(6) in particular may threaten final judgments years after they are entered. *See* Rule 60(c)(1). In contrast, the filing of a Rule 59(e) motion within the 28-day period suspends the finality of the original judgment and only the disposition of that motion restores the finality of the original judgment. Because Rule 59(e) does not threaten the finality of judgments to the same degree that Rule 60(b)(6) does, we do not require a movant to show the same "extraordinary circumstances" to receive relief.

605 U.S. 215 (internal quotations and citations omitted and generally cleaned up).

Plaintiff, who has demonstrated himself to be exceedingly capable, had a full and fair opportunity to present his case to the Court. There is nothing extraordinary about the circumstances before the Court that would justify re-opening the Court's judgment. Rule 60(b)(6) is "not for the purpose of relieving a party from free, calculated and deliberate choices [Plaintiff] has made." *Gant*, 2010 WL 11651901, at *2.

### b. Plaintiff has not shown that, if relieved from the Court's Judgment, he has meritorious arguments to present to this Court.

Count 1 of Plaintiff's proffered Amended Complaint (Dkt. No. 60-1) is without merit for reasons including that Plaintiff cannot prove proximate cause. Plaintiff again asserts a claim under the FTCA, which, like his original Complaint, depends on his proving that had the Clerk of Court docketed the appeal, Plaintiff would have succeeded on that appeal and obtained a reversal of the District Court's findings. *See* Motion to Dismiss, Dkt. No. 23, p. 5. The underlying case, *Bruce v. Bank of America*, N.A., 2:19-2854-BHH, wherein Plaintiff sought to confirm a fraudulent arbitration award purportedly entered by Sittcomm Arbitration Association, was frivolous. Dkt. No. 23, p. 6, n. 4. Any claim of negligence in the current case by Plaintiff is groundless.

Plaintiff also asserts a *Bivens*[3] claim in his proffered Amended Complaint. However, since deciding the *Bivens* case, the Supreme Court has repeatedly recognized that a *Bivens* remedy "is not an automatic entitlement" and "in most instances [the Court has] found a *Bivens* remedy unjustified." *Wilkie v. Robbins,* 551 U.S. 537, 550 (2007). The Fourth Circuit has cautioned that that "courts are clearly warned to act with utmost hesitation when faced with actions that do not

---

[3] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 397 (1971) (claim of excessive force in course of arrest under 4th Amendment).

fall precisely under *Bivens, Davis*,[4] or *Carlson*.[5]" *Tate v. Harmon, et al.*, 54 F.4th 839, 845 (4th Cir. 2022). Plaintiff's proffered *Bivens* claim presents a new context, implicating the Supreme Court warning that "courts should not be in the business of creating causes of action." *Tate*, 54 F.4th 848. *See also Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017); *Egbert v. Boule*, 596 U.S. 482, 492 (2022). Again, Plaintiff cannot show that he has a meritorious argument to present to this Court.[6]

Moreover, while the Fourth Circuit Court of Appeals has not issued a recent decision directly addressing the immunity of a clerk of court for tasks integral to the functioning of the Court, other circuit courts have. In *Sindram v. Suda*, 986 F.2d 1459, 1460–61 (D.C. Cir. 1993) (collecting cases),[7] the court held that clerks of court, "are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Id.* The court went on to say that suits against clerks of court are generally not necessary to control unconstitutional conduct in light of the safeguards built into the judicial process, and that if immunity were not extended to clerks, disappointed litigants might pursue clerks of court in the absence of a claim against the judge. *Id.* These same policy considerations support this Court's applying judicial immunity to any claim of an intentional tort or constitutional violation. *See also Acres Bonusing, Inc v. Marston*,

---

[4] *Davis v. Passman*, 442 U.S. 228 (1979) (claim by former Congressional staffer for sex discrimination under 5th Amendment).

[5] *Carson v. Green*, 446 U.S. 14 (1980) (federal prisoner's claim of inadequate medical care under 8th Amendment)

[6] In *McCray v. State of Maryland*, 456 F.2d 1, 3 (4th Cir. 1972), the court stated that a clerk of court could be sued under 42 U.S.C. § 1983, but that decision was overruled by *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

[7] *Sindram* was cited with approval by the Fourth Circuit in *Jackson v. Houck*, 181 Fed. App'x 372 (2006).

17 F.4th 901, 916 (9th Cir. 2021) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violation when they perform tasks that are an integral part of the judicial process." (citation omitted)); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (collecting cases) ("A court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and [court clerks] are afforded absolute immunity."); *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986) (holding that the defendant clerk of the United States Supreme Court had absolute quasi-judicial immunity from liability under the FTCA because his challenged activities were an integral part of the judicial process). The weight of relevant case law supports that Plaintiff does not have a viable claim. *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir. 1990) ("Under all the provisions of Rule 60(b), a threshold condition for granting the relief is that the movant demonstrate that granting that relief will not in the end have been a futile gesture, by showing that she has a meritorious defense or claim.").

Here, justice does not require this Court to re-open its judgment under Rule 60(b)(6). *Justus v. Clarke*, 78 F.4th 97, 106 (4th Cir. 2023) ("The Supreme Cout, however, has limited the application of Rule 60(b)(6) to cases where 'such action is appropriate to accomplish justice, *Klaprott v. United States*, 335 U.S. 601, 615 (1949)."). Nor did the Court err in characterizing Plaintiff's Complaint (Dk. No. 1) as alleging a claim of negligence for purposes of a Rule 60(b)(1) motion.[8] Respectfully, Defendant opposes Plaintiff's Emergency Petition.

---

[8] Plaintiff asserts that the Court erred in not construing Plaintiff's allegations in the original Complaint as including both negligent and intentional misconduct by the clerks of court. Dkt. No. 60, p. 6. Even assuming arguendo that Plaintiff is correct, which Defendant denies, any such correction could be remedied on an appeal.

> [L]egal error does not by itself warrant the application of Rule 60(b). The correction of legal errors committed by the district courts is the function of the Courts of Appeals. Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6). We know of no authority to the contrary.

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By:     *s/Beth Drake*
        Beth Drake (#5598)
        Assistant United States Attorney
        1441 Main Street, Suite 500
        Columbia, South Carolina 29201
        Phone:   (803) 929-3061
        Email:   Beth.Drake@usdoj.gov

March 16, 2026

---

*Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 173 (3d Cir. 2004). *See also Hess v. Cockrell*, 281 F.3d 21, 216 n. 21 (5th Cir. 2002) ("Rule 60(b)(6) motions are not substitutes for timely appeals.").

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that she has caused the attached **RESPONSE IN OPPOSITION TO EMERGENCY PETITION** to be served by an employee of the Office of the United States Attorney for the District of South Carolina who is a person of such age and discretion as to be competent to serve papers.

Therefore, on March 16, 2026, a copy of the foregoing document will be filed via the Court's CM/ECF system and will be served by U.S. mail to the name and address listed below from the United States Attorney's Office, 1441 Main Street, Suite 500, Columbia, South Carolina 29201.

Nelson L. Bruce
P.O. Box 3345
Summerville, SC 29484

The undersigned also certifies that she has provided Plaintiff with copies of any unpublished decisions which are cited herein.

*s/Beth Drake*
BETH DRAKE (#5598)
Assistant United States Attorney

8