**Record/FILE ON DEMAND** **Exhibit 1**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Nelson L. Bruce,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America, Heather, S. SNIPTES Robin L. Blume, Unknown Insurance for clerks (insurance company, surety bond company, Fidelity bond company, blanket bond company for liability), Unknown Doe's 1-100, et al. | Case No.: 3:25-4020-SAL-PJG<br><br>**1ST AMENDED VERIFIED COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT AND CONSTITUTIONAL TORT (*BIVENS*) THEORY, TRIAL BY JURY DEMANDED** |

## INTRODUCTION

This is an amended civil action for money damages pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, and ***Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971).** Plaintiff seeks redress for the negligent and intentional acts of a federal court clerk who refused to file Plaintiff's properly submitted Notice of Appeal, thereby denying him access to appellate review, resulting in financial, emotional, and constitutional injury.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred under 28 U.S.C. § 1346(b)(1) and the implied constitutional tort remedy recognized in ***Bivens***. The FTCA vests exclusive jurisdiction in this Court for civil actions against the United States for negligent or wrongful acts of federal employees acting within their scope of employment.
2. Venue is proper in this Court because the events giving rise to the claims occurred in the District of South Carolina, Charleston Division.

## I. PARTIES

1. Plaintiff Nelson L. Bruce is a natural person and citizen of the United States of America residing in, Summerville, South Carolina 29483.
2. Defendant, United States of America et al. is subject to suit under the FTCA for torts committed by its employees. The United States, has waived its sovereign immunity under the FTCA and is properly sued for damages
3. Unknown Insurance covering the clerk(s) defendants (insurance company, surety bond company, Fidelity bond company, blanket bond company for liability).
4. Defendant(s), Clerks of Court et al. (Heather, S. Snipes, Robin L. Blume in their individual and official capacities, unknown Doe's 1-50 are unknown Clerks of Court or acting Deputy Clerk, is a federal employee of the U.S. District Court for the District of South Carolina, Charleston Division. At all relevant times, the clerk acted under color of federal law. The claim against the individual clerk(s) is brought pursuant to the **Bivens doctrine.**

## II. STATEMENT OF FACTS COMMON TO ALL COUNTS

1) Plaintiff originally filed exhibits A-I with his initial complaint which is hereby incorporated by reference in their entirety (ECF No's. 1-2 to 1-9) as though fully set forth herein.
2) On August 3, 2022, the District Court for the District of South Carolina dismissed Plaintiff's civil action.
3) Judgment was entered on August 4, 2022, thereby triggering the right to appeal under Federal Rule of Appellate Procedure 4(a)(1)(A), which mandates that a notice of appeal must be filed within 30 days of entry of judgment.

4) Rule 3(a)(1) of the Federal Rules of Appellate Procedure provides that an appeal is initiated by filing a notice of appeal with the district clerk, not with the court of appeals. This filing is jurisdictional.

5) On September 1, 2022, Plaintiff presented a Notice of Appeal by priority mail with signature confirmation to the Clerk of Court to be filed and entered on the record (see… Notice of Appeal Dated August 30, 2022). The court never filed this Notice of Appeal on the record once delivered to them (See…Next Day Proof of Delivery and Signature showing acknowledgment and receipt).

6) On September 2, 2022, because the clerk did not file the Notice of Appeal on the record sending the matter to the 4th Circuit Appellate court, Plaintiff created a new Notice of Appeal dated September 2, 2022 and hand-delivered it to the Clerk of court and requested that the clerk stamp the Notice of Appeal to support that they received the Notice of Appeal (see…copy of Notice of Appeal showing the district courts "received" stamp acknowledging receipt of the Notice of Appeal). The Notice of Appeal was complete in content, properly formatted per FRAP 3 and 4. There was already an forma pauperis status therefore no need to send a fee with the filing. At no time did the Clerk issue a deficiency notice.

7) The Clerk never filed the Notice of Appeal on the record evidenced by Exhibit E.

8) Both submissions were received by the Clerk within the 30-day deadline to file a notice of appeal. However, the Clerk intentionally refused to file either copy, in violation of their ministerial duty.

9) Filing a Notice of Appeal is a ministerial, not discretionary, duty as specified by Fed. R. App. P. 3(a)(1) and Fed. R. App. P. 4(a)(1)(A).

10) Plaintiff lost his right to appellate review and suffered financial loss exceeding $5 million and severe emotional distress.

11) The Clerk's failure to docket the Notice of Appeal was either (a) negligent (Count I, below) or (b) intentional and in reckless disregard of Plaintiff's federally protected rights, his constitutional rights (Count II, below).

12) In ***Myer v. Stoney,*** **752 F. App'x 157 (4th Cir. 2019),** the Fourth Circuit noted that "the district court may have erred in concluding that Myer's claim against Christopher Barr was barred by quasijudicial immunity, quoting ***McCray v. Maryland,*** **456 F.2d 1, 4 (4th Cir. 1972)** ("holding that in respect to filing papers, the clerk has no discretion that merits insulation by a grant of absolute immunity; the act is mandatory…His duty, although associated with the court system, is not quasi-judicial (meaning entailing a discretion similar to that exercised by a judge)...Clerical duties are generally classified as ministerial…and the act of filing papers with the court is as ministerial and inflexibly mandatory as any of the clerk's responsibilities.")

13) The failure to perform a mandatory, nondiscretionary task such as accepting a Notice of Appeal for filing is an administrative error actionable under the FTCA.

14) As a result of the Clerk's actions and or inactions, Plaintiff was deprived of his federally protected rights, his constitutional right the right to access court, appellate review. This resulted in: a. Loss of a **$740,040.33** arbitration award, the right to redress; b. Loss of a **$3,700,201.60** counterclaim, the right to redress; c. Loss of legal rights and procedural access under the Fifth Amendment; d. Emotional and reputational harm, including anxiety, insomnia, depression, humiliation, and loss of public trust. These emotional

injuries were severe, continuous, and directly caused by the government's employees failure to provide procedural justice.

15) On or about July 2, 2024, Plaintiff presented an administrative tort claim to the Administrative Office of the United States Courts in the amount of $5,106,278.22.

16) On November 15, 2024, the Administrative Office denied Plaintiff's claim, citing judicial immunity.

17) Plaintiff presented a reconsideration letter dated December 21, 2024, which was denied on April 4, 2025.

## III. COUNT I: NEGLIGENCE IN PERFORMANCE OF MINISTERIAL DUTY

18. Plaintiff re-alleges an incorporates by reference in their entirety paragraphs 1 through 17, and all subsequent paragraphs as though fully set forth herein pursuant to RCFC 10(c).

19. The Clerk's Office owed a nondiscretionary duty to accept and docket Plaintiff's properly presented filings.

20. The Clerk breached this duty intentionally failed to docket Plaintiff's Notice of Appeal after two unsuccessful attempts by the plaintiff requesting the clerk file the notice of appeal resulting in no access to the appellate court for appellate review.

21. Pursuant to 28 U.S.C. § 1346(b)(1), the United States is liable for the negligent acts or omissions of employees acting within the scope of employment.

22. Filing and docketing court documents are ministerial tasks, not protected by judicial immunity see… ***Myer v. Stoney,* 752 F. App'x 157 (4th Cir. 2019),** Quoting ***McCray v. Maryland,* 456 F.2d 1, 4 (4th Cir. 1972)**.

23. As a direct and proximate result, Plaintiff suffered:

- Loss of appellate review and deprivation of legal remedies.

- Financial harm totaling $5,106,278.22.
- Injury resulting from procedural denial of a statutory right of appeal, including the consequential intentional deprivation of access to justice, as evidence of the scope of harm flowing from the actionable negligence;
- Emotional distress, humiliation, insomnia, and reputational injury.

24. The Clerk's Office had a clear, nondiscretionary ministerial duty to accept and docket a properly presented and timely Notice of Appeal, as required by:

- Federal Rule of Appellate Procedure 3(a)(1), which mandates that an appeal is commenced by filing a notice of appeal with the district clerk;
- Federal Rule of Appellate Procedure 4(a)(1)(A), which provides that such filing must occur within 30 days of entry of final judgment;

25. The Clerk's refusal to docket Plaintiff's Notice of Appeal, which was presented twice and within the deadline, constitutes a breach of these mandatory duties.
26. The Clerk's acts were ministerial, not discretionary.
27. The United States is liable under 28 U.S.C. § 1346(b)(1) for the negligent acts and omissions of its employees acting within the scope of their employment, including employees of the judiciary performing administrative duties.
28. These injuries are fairly traceable to the government's employee's negligence and are re-dressable through monetary damages, which the FTCA expressly authorizes.
29. Under the FTCA, a government actor's breach of a mandatory legal duty, even within a judicial office, is actionable where it causes compensable harm. Filing court documents is not discretionary or judicial but administrative, and the Clerk's deliberate failure to file the Notice of Appeal directly caused the loss of judicial remedy and financial recovery.
30. The United States, having waived its immunity under § 1346(b)(1), is liable for injuries caused by this negligent omission.
31. Plaintiff suffered quantifiable damages directly caused by the Clerk's intentional breach of duty, including the loss of specific legal remedies, due process, property rights, and personal

injuries in the form of emotional distress.

32. **COUNT II – CONSTITUTIONAL TORT (*BIVENS*) AGAINST INDIVIDUAL CLERK**

33. Plaintiff re-alleges an incorporates by reference in their entirety paragraphs 1 through 31, and all subsequent paragraphs as though fully set forth herein pursuant to Federal Rules of Civil Procedure 10(c).

34. Discovery will identify the exact full names of the clerk(s) involved.

35. Defendants, known and unknown at this time, acting under color of federal law, intentionally, willfully, and with reckless disregard of Plaintiff's constitutional rights, refused to file Plaintiff's Notice of Appeal.

36. This deliberate refusal constitutes an intentional denial of Plaintiff's First Amendment right of access to the courts and of his Fifth and or Fourteenth Amendment due process right to fair procedure.

37. The Fourth Circuit has recognized that the right of access to courts is constitutionally based. "Access to courts protected by due process clause); ***Chambers v. Baltimore & Ohio Railroad Co.,*** **207 U.S. 142, 28 S. Ct. 34, 52 L. Ed. 143 (1907)** (access to courts is a privilege of American citizenship protected by the Fourteenth Amendment); ***Ginsburg v. Stern,*** **125 F. Supp. 596, 601 (W.D. Pa. 1954)** (clerk's failure to file papers would be a "patent" violation of constitutional rights) (dictum). ***Cf. California Motor Transport Co. v. Trucking Unlimited,*** **404 U.S. 508, 92 S. Ct. 609, 30 L. Ed. 2d 642 (1972)** (access to courts is "part of the right to petition protected by the First Amendment")…This denial of a constitutional right of momentous importance is redressable…" See…***McCray v. Maryland, 456 F.2d 1 (4th Cir. 1972)***; ***Myer v. Stoney, 752 F. App'x 157 (4th Cir. 2019).***

38. Because these acts are intentional and or deliberate, quasi-judicial immunity does not apply. See...***Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995).**

39. The acts alleged are ministerial in nature, not integral to adjudication.

40. As a direct proximate result, Plaintiff suffered the same economic and emotional injuries described above, which are compensable under ***Bivens***.

## IV. PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff hereby respectfully demands a trial by jury for all claims and issues in this complaint to which Plaintiff is entitled to be before a jury to decide at trial.

## RELIEF REQUESTED

**Plaintiff respectfully requests that this Court:**

1. Enter judgment against the United States under Count I for negligence under the FTCA;
2. Enter judgment against the individual clerk under Count II for constitutional violations under ***Bivens***;
3. Award compensatory damages of $5,106,278.22 and additional appropriate relief for emotional distress;
4. Award punitive damages against the individual defendant under *Bivens* where intentional misconduct is proven;
5. Grant any further relief deemed just and proper.

**WHEREFORE, Plaintiff respectfully requests this Court:**

A. Enter judgment in favor of Plaintiff in the amount of:

1. $740,040.33 for the lost arbitration award;
2. $3,700,201.60 for the counterclaim deprived by loss of appeal;
3. $666,036.29 in noneconomic damages for emotional harm;

B. Award all litigation costs under 28 U.S.C. § 2412;

C. Grant any further relief the Court deems proper.

**Dated this 28th day of February, 2026.**

**RESPECTFULLY PRESENTED,**

Nelson L. Bruce, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained "with prejudice"
c/o P.O. Box 3345, Summerville, South Carolina [29484]
Phone: 843-437-7901
Email: leonbruce81@yahoo.com