IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce,<br><br>Plaintiff,<br><br>vs.<br><br>The United States, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action Number: 3:25-cv-04020-SAL-PJG |

**REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

In the Motion to Dismiss (Dkt. No. 70), Defendant United States of America, Heather S. Sniptes,[1] and Robin L. Blume made dispositive legal arguments that support this Court finding that the Court lacks jurisdiction over Plaintiff's Amended Complaint and that Plaintiff has failed to state a claim (Dkt. No. 65). Defendants rely on those arguments and briefly address Plaintiff's Response (Dkt. No. 80) in this Reply.

1. **Plaintiff has failed to state a claim in his Amended Complaint under *Bivens*.**

   a. **Plaintiff concedes his claim for a constitutional tort arises in a new *Bivens* context.**

Plaintiff concedes Count II of his Amended Complaint, entitled "Constitutional Tort (*Bivens*) Against Individual Clerk," presents a new *Bivens* context. Dkt. No. 80, p. 7. He goes on to state that he "does not argue that the allegations alone compel recognition of a new *Bivens* remedy." Dkt. No. 80, p. 8. Instead, he relies on there being no alternative damages remedy against the individuals in the absence of a *Bivens* remedy. But Plaintiff is not guaranteed a damages action against individual federal employees. *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017). Further, there

[1] In the Amended Complaint, Plaintiff names a "Heather S. Sniptes." The Clerk of Court does not have an employee by that name.

are significant special factors counseling against the extension of an implied cause of action under the facts in this case.

**b. Special factors strongly support this Court not inferring a *Bivens* claim in this matter.**

"[T]he Supreme Court has made clear that '[i]f there is even a single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy.'" *Lusk v. Merchant*, 182 F.4th 311, 323 (4th Cir. 2026) (citing *Egbert v. Boule*, 596 U.S. 482, 492 (2022)). The breadth of any court's ability to address errors by a clerk of court through both legal and equitable remedies at both the trial and appellate level is a special factor that militates against extending a *Bivens* remedy to this new context. *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993). Further, allowing a damages remedy against individual clerks of court would permit disappointed litigants to resort to suits against the clerks of court, further burdening operations and costs on the court. *Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989). Also, imposing a damages remedy where the conduct in issue involves the judicial process could stifle the freedom of judicial decision-making. *Cf. McMillan v. Svetanoff*, 793 F.2d 149, 154 (7th Cir. 1986).

Here, respectfully, the special factors analysis supports the conclusion that this Court should decline to extend a *Bivens* remedy to Plaintiff against the individual clerks of court.

**2. Case law supports that absolute quasi-judicial immunity attaches to acts integral to the judicial process, and shields clerks of court, and here the United States, from both tort-based negligence and constitutional claims.**

The relevant inquiry here is whether the alleged tortious and unconstitutional actions complained of are "acts committed within their judicial jurisdiction," and an "integral part of the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 418, 431 (1976); *Adams v. Forman*, No. 24-60518-CV, 2024 WL 3224038, at *5 (S.D. Fla. June 4, 2024), *aff'd*, No. 24-12054, 2025 WL 2741756 (11th Cir. Sept. 26, 2025) ("court clerks have absolute immunity for their duties that are

integrally related to the judicial process"). Here, maintaining the public docket is, *ipso facto*, integral to the judicial process. *See* Fed. R. Civ. P. 5, 79. *See also* Dkt. Nos. 51, 70. Therefore, the doctrine of absolute quasi-judicial immunity shields the individual clerks of court and the United States[2] from liability for the alleged failure to docket the notice of appeal. *See Sampson v. City of Xenia*, 108 F.Supp.2d 821, 829 (S.D. Ohio 1999) (collecting cases); *Boswell v. Yorgey-Girdy*, No. CV 26-2903, 2026 WL 2032247, at *3 (E.D. Pa. July 13, 2026) ("Actions related to maintaining the docket [are] covered by the quasi-judicial immunity afforded to court employees."); *Irion v. McDonough*, No. 3:25-CV-00001, 2026 WL 179886, at *4 (M.D. Tenn. Jan. 21, 2026) (same).

Plaintiff appears to acknowledge that the Fourth Circuit decision, *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995), bars a cause of action for negligent conduct by a clerk of court which impedes a right of access to the courts. Dkt. No. 80, p. 6. As recognized in *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012), "a court clerk is generally entitled to quasi-judicial immunity." *See also Briscoe v. LaHue*, 460 U.S. 325, 334, 335 (1983) (Addressing reasons for quasi-judicial immunity, and stating, "In short, the common law provided absolute immunity from subsequent damages liability for all persons–governmental or otherwise–who were integral parts of the judicial process.").

Plaintiff attempts to distinguish his Amended Complaint on the basis that he is alleging an intentional failure to docket the notice of appeal he claims to have presented to the Clerk of Court. Dkt No. 80, p. 6. However, as acknowledged by Plaintiff, the Fourth Circuit has held that even if a clerk of court acted intentionally, "this fact alone [] would not deprive [the clerk] of absolute

[2] The FTCA permits the United States "to assert any defense based upon judicial [] immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim." 28 U.S.C. § 2674.

quasi-judicial immunity from suit."[3] *Hamilton v. Murray*, 648 F. App'x 344, 345 (4th Cir. 2016); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (finding that claim that clerk of court refused to file, docket or acknowledge certain filings was barred by judicial immunity because "these actions are clearly an integral part of the judicial process."). *Cf. Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (judicial immunity does not depend on whether an act was done in error or with malicious intent).

Further, as found in *Fletcher v. Harris*, 790 Fed. App'x 220 (D.C. Cir. 2020), the case of *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993), cited by Plaintiff, is not controlling of the issue of whether a clerk of court is protected by absolute immunity for acts integral to the judicial process. Instead, as stated in *Fletcher*, "immunity applies to all acts of auxiliary court personnel that are basic and integral parts of the judicial function, unless those acts are done in the clear absence of all jurisdiction." *Fletcher*, 790 F. App'x at 220 (citing *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)).

Respectfully, this Court lacks subject matter jurisdiction over both counts in Plaintiff's Amended Complaint.

**<u>CONCLUSION</u>**

For the reasons set forth in Defendants' Motion to Dismiss the Amended Complaint, as further addressed in this Reply, Defendants respectfully request that this Court grant Defendants'

---

[3] Further, *Myer v. Stoney*, 752 Fed. App'x 157, 158 (4th Cir. 2019), cites *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972), for the proposition that "the district court may have erred in concluding that [plaintiff's] claim against [the clerk of court] was barred by quasijudicial immunity." A number of cases have recognized that *McCray v. Maryland* has been either overruled or abrogated, or declined to follow the case based on its limited analysis. *See, e.g., Coleman v. Farnsworth*, 90 Fed. App'x 313, 317 n.5 (10th Cir. 2004) (collecting cases where filing/docketing functions were found to be an integral part of the judicial process and stating that "the defense of judicial immunity should generally apply" to a clerk's filing responsibilities, "regardless of procedural error, motive or good faith.")

Motion to Dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: *s/Beth Drake*
Beth Drake (#5598)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Phone: (803) 929-3061
Email: Beth.Drake@usdoj.gov

October 28, 2026

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that she has caused the attached **REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** to be served by an employee of the Office of the United States Attorney for the District of South Carolina who is a person of such age and discretion as to be competent to serve papers.

Therefore, on October 28, 2026, a copy of the foregoing document will be filed via the Court's CM/ECF system and will be served by U.S. mail to the name and address listed below from the United States Attorney's Office, 1441 Main Street, Suite 500, Columbia, South Carolina 29201.

Nelson L. Bruce
P.O. Box 3345
Summerville, SC 29484

The undersigned also certifies that she has provided Plaintiff with copies of any unpublished decisions which are cited herein.

*s/Beth Drake*
BETH DRAKE (#5598)
Assistant United States Attorney